PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GARRICK KRLICH, *et al.*, ) | |
| ) | CASE NO. 4:17CV0379 |
| Plaintiffs, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| JAMES R. TAAFE, *etc.*, *et al.*, ) | **AND ORDER** |
| ) | [Resolving ECF Nos. 57, 72, 74, 79, 81, |
| Defendants. ) | 93, and 94] |

Pending in this § 1983 action is Defendants James R. Taafe and The City of Hubbard, Ohio's (collectively "the Hubbard Defendants") Motion for Judgment on the Pleadings (ECF No. 72), filed on February 23, 2018. For the reasons set forth in Section II.A. below, the motion is granted.

Also pending is Plaintiffs' Motion for Leave to File Third Amended Complaint *Instanter* (ECF No. 81), filed on March 23, 2018. Plaintiffs move the Court pursuant to Fed. R. Civ. P. 15(a) for leave to file a Third Amended Complaint alleging additional facts supporting their claims, based on documents Plaintiff Garrick Krlich received in response to his rolling public record requests to the City of Hubbard. Plaintiffs attached the Proposed Third Amended Complaint (ECF No. 81-1) to their motion. For the reasons set forth in Section II.B. below, the motion is denied.

(4:17CV0379)

## I. Background

Plaintiffs bring a § 1983 action invoking federal question jurisdiction and seeking injunctive and monetary relief for a violation of their rights under the Equal Protection Clause of the Fourteenth Amendment for the Hubbard Defendants' complicity and active pursuit in a campaign to harass, intimidate, and terrorize Plaintiffs by individuals honking their horns, revving their engines (*i.e.*, loud exhaust and/or accelerating hard), and/or screeching their tires whenever they drive past Plaintiffs' residence. Second Amended Complaint (ECF No. 51 -1).

On May 2, 2017, the Hubbard Defendants filed a Motion to Dismiss (ECF No. 11). Plaintiff Garrick Krlich was subsequently given leave to serve and file an Amended Motion for Leave to File an Amended Complaint, along with supporting evidence and a copy of the proposed Amended Complaint. The Court ordered that

> [t]he memorandum in support shall contain facts in furtherance of jurisdiction and cite legal authority in support of his constitutional claims, including that "[he] has been deprived of his fundamental right to enjoy his property free from the unreasonable, excessive, and unending abusive nuisances" and that he "possesses the right to quiet enjoyment of his property."

Order (ECF No. 50) at PageID #: 224-25. On October 27, 2017, Plaintiff Garrick Krlich filed an Amended Motion for Leave to File Second Amended Complaint and Add Additional Parties (ECF No. 51). Thereafter, the Court granted Plaintiff Garrick Krlich's motion and denied the Hubbard Defendants' motion without prejudice because it was moot due to the filing of the Second Amended Complaint. *See* Order (ECF No. 62). The Hubbard Defendants filed an Answer to the Second Amended Complaint (ECF No. 69).

2

## II. Law and Analysis

### A. Judgment on the Pleadings

The procedural standard for determining a judgment on the pleadings under Fed. R. Civ. P. 12(c) is indistinguishable from the standard of review for dismissals based on failure to state a claim under Fed. R. Civ. P. 12(b)(6). *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 643 (6th Cir. 2003); *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), or a motion for judgment on the pleadings under Rule 12(c), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Id.* at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere

3

(4:17CV0379)

possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004)). In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012).

### 1. Quiet Enjoyment

Plaintiffs allege:

> 34. Starting in approximately 2007, employees of the [Eagle Joint Fire District], both while on and off duty, began blowing their horns and revving their engines in front of Plaintiffs' home, and engaging in other harassing acts that disturbed, and continue to disturb, Plaintiffs' peace and quiet enjoyment of their property.

ECF No. 51-1 at PageID #: 248; *see also* ECF No. 81-1 at PageID # 1257-58, ¶ 40. Any alleged breach or violation of Plaintiffs' right to quiet enjoyment of their property fails as a matter of course because it is not a fundamental protection under the U.S. Constitution. There is no fundamental right to quiet enjoyment of one's property. In *Hooper v. United States Dept. of Housing and Urban Development*, No. 6:17-cv-00031-MC, 2017 WL 2380176 (D. Ore. May 31, 2017), appeal pending, No. 17-35674 (9th Cir.), the district court stated:

4

(4:17CV0379)

> A claim for Due Process violation must be predicated on violation of a constitutionally protected interest. If there is not a violation of a constitutionally protected interest, then there cannot be a claim for violation of due process. The alleged interest violated here is Plaintiff's quite enjoyment of his property from private individuals. This does not rise to a constitutionally protected interest. . . .

*Id.* at *4 (internal citations omitted).

In *Dedman v. City of Harrodsburg*, No. 5:09-cv-256-KSF, 2010 WL 1141261 (E.D. Ky. March 22, 2010), the district court wrote:

> Plaintiffs cite acts by the Romeros that interfere with their privacy and quiet enjoyment and argue that Harrodsburg violated the Due Process Clause by not preventing those acts. The Due Process Clause, however, is intended "to protect the people from the State, not to ensure that the State protected them from each other." *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 196, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).

*Id.* at *3. As in the case at bar, the court in *Dedman* observed that plaintiff's class-of-one claim failed because plaintiff had failed to make any factual allegations to support a claim that he had been intentionally treated differently from others that were similarly situated and that there was no rational basis for the difference in treatment. Even if Plaintiffs had demonstrated the requisite differential treatment, their class-of-one claim would fail because the discretionary nature of the Hubbard Defendants' work and the financial and budgetary constraints applicable to municipal police forces provide a rational basis for the Hubbard Police Department's response to and investigations of Plaintiffs' many complaints. *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cty., Ohio*, 430 F.3d 783, 790 (6th Cir. 2005) ("[G]overnmental action subject to equal protection scrutiny under the rational basis test must be sustained if *any* conceivable basis rationally supports it.) (emphasis in original) (citing *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313-314 (1993)). The court in *Dedman* also noted, as is the case here, that although the court must accept

5

(4:17CV0379)

plaintiff's factual allegations as true, the court is not required to accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861 (6th Cir. 2003).

In *Ooley v. Citrus Hts. Police Dept.*, No. 2:12-cv-00095-JAM-CKD, 2012 WL 1910264 (E.D. Cal. May 25, 2012), *aff'd*, 605 Fed.Appx. (9th Cir. 2015), the plaintiff brought a substantive due process claim based exclusively on an alleged campaign of neighborhood harassment. The district court declined to find that substantive due process protects a right to quiet enjoyment of property.

> Starkey claims that the CHPD Defendants violated her substantive due process rights by interfering with the quiet enjoyment of her property in violation of the Fourteenth Amendment. The CHPD Defendants argue that this claim is inadequately pled.
>
> "Federal courts have 'always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this uncharted area are scarce and open ended.'" *Brittain v. Hansen*, 451 F.3d 982, 990 (9th Cir. 2006) (quoting *Albright v. Oliver*, 510 U.S. 266, 271-72 (1994)). "[T]he Fourteenth Amendment is not a 'font of tort law to be superimposed upon whatever systems may already be administered by the States . . . .'" *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998) (quoting *Paul v. Davis*, 424 U.S. 693, 701 (1976)).
>
> In this case, Starkey cites only California state law authority to support her position that a right to quiet enjoyment of property is a cognizable constitutional right. *See* Opp. 12. Additionally, those cases deal with inverse condemnation, which is derived from the California Constitution. 42 U.S.C. § 1983, however, only gives rise to violations of the federal Constitution. *See Monroe v. Pape*, 365 U.S. 167, 171 (1961), *overruled on other grounds by Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978). Thus, in accordance with the *Brittain* and *County of Sacramento* cases, supra, the Court finds that in the absence of any authority supporting the extension of substantive due process to a right of quiet enjoyment of property, doing so is improper. The CHPD Defendants' motion to dismiss this claim is granted.

6

(4:17CV0379)

*Id.* at *3-4.

Finally, in *Galvan v. Levassuer*, No. 1:15-cv-00283-JAW, 2016 WL 3647148 (D. Maine 2016), the court stated: "Plaintiff's claims for wrongful termination of her lease and breach of quiet enjoyment are not claims that arise 'under the Constitution, laws, or treaties of the United States.'" *Id.* at *3.

Plaintiffs appear to have abandoned the argument that the right to quiet enjoyment of their property is a fundamental right under the Constitution.[1] Assuming *arguendo* that Plaintiffs have not, the Court concludes that any alleged breach or violation of Plaintiffs' right to quiet enjoyment of their property fails for the reasons set forth above.

### 2. Crimes Investigated or Prosecuted

Plaintiffs' § 1983 Equal Protection Clause claim is also predicated upon the Hubbard Defendants' alleged refusal to investigate and/or prosecute hundreds of individuals who honked their horns, revved their engines (*i.e.*, loud exhaust and/or accelerating hard), and/or screeched

---

[1] Because Plaintiffs failed to meet their burden in opposing judgment on the pleadings on this argument, Plaintiffs have abandoned this claim and waived any argument concerning dismissal of such claim. *Hicks v. Concorde Career Coll.*, 449 Fed.Appx. 484, 487 (6th Cir. 2011) (finding that "[t]he district court properly declined to consider the merits of [plaintiff's] claim because [plaintiff] failed to address it in . . . his response to the summary judgment motion"); *see also, e.g.*, *Rivers v. Turner*, No. 3:14 CV 2547, 2015 WL 5444838, at *7 (N.D. Ohio Sept. 15, 2015) (Zouhary, J.) (plaintiff waived any opposition to defendants' motion to dismiss his substantive due process and Eighth Amendment claims by failing to raise arguments in support of his claims in response to defendants' arguments); *Hadi v. State Farm Ins. Cos.*, 2:07-CV-0060, 2008 WL 4877766, at *13 (S.D. Ohio Nov. 12, 2008) (finding plaintiff's failure to respond with any evidence supporting his negligent infliction of emotional distress claim "apparently concedes that summary judgment is proper on this count.").

(4:17CV0379)

their tires whenever they drove past Plaintiffs' residence. Plaintiffs allege they have reported these incidences to the City of Hubbard's Police Department, but that

> 26. The Hubbard Police Department has failed and refused to accept many of Plaintiffs['] reports.

ECF No. 51-1 at PageID #: 247; *see also* ECF No. 81-1 at PageID # 1255, ¶ 26. In addition, Plaintiffs allege that

> 31. Upon information and belief, except on very rare occasions, Hubbard Police Department officials do not investigate, or even follow up on, Plaintiffs' noise/harassment/disturbance complaints and/or police reports.

ECF No. 51-1 at PageID #: 247. This allegation acknowledges that there are, or have been, times when the Hubbard Police Department has responded to and engaged in investigations of Plaintiffs' complaints. Any alleged breach or violation of Plaintiffs' right to have crimes investigated or prosecuted, however, fails as a matter of law because it is not a fundamental protection under the U.S. Constitution. In *White v. City of Toledo*, 217 F. Supp.2d 838 (N.D. Ohio 2002) (Carr, J.), the district court dismissed the plaintiffs' claims that the municipality violated their children's right to equal protection of the laws "by failing: 1) prior to the accident to enforce the City's speed limits, and 2) after the accident to conduct an adequate investigation into its circumstances." *Id.* at 839. The court held that the alleged failure to investigate crimes and enforce the law does not give rise to a § 1983 claim for violation of the Equal Protection Clause. *Id.* at 840-42. The court reasoned that "the law is [] clear that there is no 'constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime.'" *Id.* at 841 (quoting *Doe v. Mayor and City Council of Pocomoke City*, 745 F. Supp. 1137, 1138 (D. Md. 1990)).

(4:17CV0379)

Other judges on this Court have also dismissed § 1983 Equal Protection Clause claims that are predicated on a municipality's or police officer's failure to investigate and/or failure to prosecute alleged crimes. *See, e.g.*, *Douglas v. City of Cleveland*, No. 1:12CV1145, 2012 WL 4753365, at *5 (N.D. Ohio Oct. 4, 2012) (Boyko, J.); *Davis v. Nice*, No. 5:12CV1002, 2012 WL 3961236, at *3 (N.D. Ohio Sept. 10, 2012) (Lioi, J.); *Gudenas v. Cervenik*, No. 1:09CV2169, 2010 WL 987699, at *9 (N.D. Ohio Feb. 22, 2010) (McHargh, M.J.), *report and recommendation adopted*, No. 1:09CV2169, 2010 WL 1006532 (N.D. Ohio March 16, 2010) (Boyko, J.); *Smith v. Kline*, No. 5:16CV2128, 2017 WL 979136, at *2-3 (N.D. Ohio March 14, 2017) (Lioi, J.).

"[A] private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime." *Matthews v. Craige*, No. 1:16-CV-11680, 2016 WL 3522320, at *4 (E.D. Mich. June 28, 2016). In *Fulson v. City of Columbus*, 801 F. Supp. 1 (S.D. Ohio 1992), the court stated: "A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act." (citation omitted). *Id.* at 6.

### 3. Policy or Custom

*Monell, supra*, holds that municipalities may be held liable for the constitutional violations of their employees only where the municipality's policy or custom led to the violation. 436 U.S. at 694-95. Plaintiffs allege:

> 56. While there is no "official" City . . . policy permitting this campaign against Plaintiffs to continue, the intentional, wide-spread, and long-term inaction by City

9

(4:17CV0379)

> . . . officials has been instrumental in creating and maintaining a persistent pattern of depriving Plaintiffs of their equal protection rights thus creating an "unwritten policy or custom" by callously disregarding Plaintiffs['] complaints.

ECF No. 51-1 at PageID #: 252. "Where no constitutional violation occurred, there can be no *Monell* claim against the City, regardless of its policies." *Farinacci v. City of Garfield Hts.*, No. 1:08CV1355, 2010 WL 1268068, at *5 (N.D. Ohio March 30, 2010) (O'Malley, J.), *aff'd*, 461 Fed.Appx. 447 (6th Cir. 2012). *See also Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under *Monell* without an underlying constitutional violation."); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Finding no underlying constitutional violation for the reasons stated above and those that have been articulated in the contemporaneously filed Memorandum of Opinion and Order, the Court enters judgment in favor of Defendants James R. Taafe, in his official capacity as the City of Hubbard Police Chief, and The City of Hubbard, Ohio on Plaintiffs' *Monell* claim. Assuming *arguendo* that Plaintiffs do allege a cognizable constitutional violation, any constitutional violation that may have occurred was not the result of any policy or custom attributable to the City. Indeed, Plaintiffs concede in the Second Amended Complaint that "there is no 'official' City . . . policy permitting this campaign against Plaintiffs . . . ." ECF No. 51-1 at PageID #: 252. *See Davis*, 2012 WL 3961236, at *2 (municipality can only "be held liable when it *unconstitutionally* implements or executes a policy statement, ordinance, regulation, or decision *officially* adopted by its officers[]") (emphasis added).

### 4. Qualified Immunity

Once a defendant raises qualified immunity, the burden shifts to the plaintiff, who must demonstrate both that the official violated a constitutional or statutory right, and that the right

(4:17CV0379)

was so clearly established at the time of the alleged violation that every reasonable official would have understood that what he was doing violated that right. *Ashcroft v. al-Kidd*, 563 U.S 731, 741 (2011). If the plaintiff fails to carry this burden as to either element of the analysis, qualified immunity applies and the official is immune. *Cockrell v. City of Cincinnati*, 468 Fed.Appx. 491, 494 (6th Cir. 2012). "Clearly established law" should not be defined "at a high level of generality" and the clearly established law must be "particularized" to these facts of the case. *Ashcroft*, 563 U.S. at 742; *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court established a two-step inquiry for determining whether an official is entitled to qualified immunity. *Id.* at 201. The Court must consider (1) whether, viewing the evidence in the light most favorable to the injured party, a constitutional right has been violated; and (2) whether that right was clearly established. *Id.* In *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), the Supreme Court held that while the sequence set forth in *Katz* is often appropriate, it is not mandatory, and courts have discretion to decide which of the two prongs of the qualified immunity analysis to address first. *Id.* at 236.

The Court concludes, for the reasons set forth above and those that have been articulated in the contemporaneously filed Memorandum of Opinion and Order, that Plaintiffs have not sustained their burden to demonstrate a violation of the Equal Protection Clause of the Fourteenth Amendment. "Where there is no constitutional violation, the plaintiff's individual capacity '§ 1983 claim fails as a matter of law and the defendant is therefore entitled to summary

11

(4:17CV0379)

judgment and does not need qualified immunity.' " *Wagle v. Skutt*, No. 10-CV-10506, 2011 WL 6004344, at *4 (E.D. Mich. Nov. 7, 2011), *report and recommendation adopted*, No. 10-CV-10506 (E.D. Mich. Dec. 1, 2011) (quoting *Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007)). Even if Plaintiffs did allege a constitutional violation and that said deprivation was committed by Chief Taafe, he is entitled to qualified immunity because any alleged right of which Plaintiffs may have been deprived was not clearly established. After all, it is well-established that failure to investigate and/or prosecute alleged minor misdemeanors the police do not witness does not give rise to a § 1983 claim for violation of the Equal Protection Clause. *See White v. City of Toledo*, *supra*. Therefore, the Court dismisses the Second Amended Complaint (ECF No. 51 -1) against Defendant James R. Taafe in his individual capacity.

### B. Motion for Leave (ECF No. 81)

On February 23, 2017, Plaintiff Garrick Krlich filed a Complaint (ECF No. 1) against James R. Taafe, The City of Hubbard, Ohio, and Trumbull County, Ohio.[2]

On July 7, 2017, the Court conducted a Telephonic Case Management Conference and subsequently entered a Case Management Plan ("CMP") (ECF No. 33). The CMP provides, in pertinent part:

> 13. The cutoff to amend pleadings and add parties is August 14, 2017. Also see Fed. R. Civ. P. 15(a) (requiring a showing that an amendment is proper). The cutoff date, however, is merely a time limitation   not a blanket leave. A party must still demonstrate that an amendment is proper under Rule 15(a). Absent written consent of the adverse party, the party seeking to amend at least

---

[2] On September 20, 2017, Plaintiff Garrick Krlich 's claims against Defendant Trumbull County, Ohio were dismissed with prejudice. Defendant Trumbull County, Ohio was dropped from the lawsuit. *See* Order (ECF No. 43).

12

(4:17CV0379)

> must alert the Court and the adverse party to the substance of the proposed amendment by filing a Motion for Leave with an accompanying memorandum of law addressing the requirements of Rule 15(a). In all cases, the party seeking leave of Court to amend must certify that prior notice of the proposed amendment was given and the adverse party withheld consent.

ECF No. 33 at PageID #: 158.

Plaintiffs filed their Motion for Leave at the same time that they filed their Memorandum in Opposition to the Hubbard Defendants' Motion for Judgment on the Pleadings (ECF No. 82). Plaintiffs contend that their Motion for Leave is a "timely filing." ECF No. 81 at PageID #: 1245. Because a Rule 16 order has been entered, however, the Court can consider whether Plaintiffs have satisfied the more liberal standards of Rule 15(a) only if Plaintiffs make the showing required by Rule 16(b) for modification of a scheduling order. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *S&W Enters., L.L.C. v. Southtrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *W. Va. Housing Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 566-68 (S.D.W.Va. 2001).

Leave to amend a complaint should be freely given when justice so requires after a responsive pleading has been filed. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). It is an abuse of discretion for the district court to deny a plaintiff leave to amend his complaint without any justifying reason. *Foman*, 371 U.S. at 182. A district court does not abuse its discretion if it denies a plaintiff permission to amend his complaint without reason when the plaintiff has already amended once

13

(4:17CV0379)

and then subsequently fails to file a proper motion justifying another amendment. *Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 305 (6th Cir. 2011); *see also Begala v. PNC Bank Ohio Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (holding that "the [District] Court did not permit Plaintiffs to amend the complaint because they did not [properly] move to do so" and that was not an abuse of discretion).

The motion for leave to amend is problematic for several reasons. Chief among them are (1) the motion fails to establish good cause for modification of the scheduling order and (2) allowing Plaintiffs to file their proposed amended complaint would be futile.

The cutoff date to amend pleadings and add parties was August 14, 2017 (ECF No. 33 at PageID #: 158, ¶ 13) over seven (7) months before the within motion was filed.[3] The cutoff was set in compliance with Local Rule 16.3(b)(2)(I). Plaintiff has not shown cause for an extension of the cutoff date.

Plaintiffs do not dispute that their Motion for Leave to File Third Amended Complaint *Instanter* (ECF No. 81) was filed after the Rule 16 cutoff to amend the pleadings had passed. According to Fed. R. Civ. P. 16(b)(4), where the Court has entered a scheduling order that limits the time to join other parties and to amend the pleadings, "[a] schedule may be modified only for good cause and with the judge's consent." In *Inge v. Rock Financial Corp.*, 281 F.3d 613 (6th Cir. 2002), the Sixth Circuit stated that good cause is primarily measured by the movant's "diligence in attempting to meet the case management order's requirements." *Id.* at 625 (quoting

---

[3] Plaintiffs' Motion to Vacate Case Schedule (ECF No. 57) was not filed until December 15, 2017.

(4:17CV0379)

*Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Prejudice to the party opposing the modification is not an express component of Rule 16, however, the Sixth Circuit has stated that a district court must consider prejudice to the non-moving party when it decides whether or not to amend a scheduling order. *Leary*, 349 F.3d at 909. If the Court determines that the movant satisfies the requirements of Rule 16(b), then the Court must determine whether the moving party has satisfied the requirements of Rule 15. *Id.* At this stage of the proceedings, Rule 15 asks the question whether leave should be freely given because justice so requires. The Court finds that the Motion for Leave to File Third Amended Complaint *Instanter* (ECF No. 81) to allege additional facts supporting their claims fails to establish good cause for modification of the scheduling order. *See Morrocco v. Northwest Engineering Co.*, 310 F.2d 809 (6th Cir. 1962).

Plaintiffs' Proposed Third Amended Complaint alleges that "Plaintiffs' peace and quiet enjoyment of their property" has been disturbed. ECF No. 81-1 at PageID #: 1258, ¶ 40. Because such right is not embedded within the U.S. and Ohio Constitutions and the proposed amended complaint does not correct that fatal flaw, allowing Plaintiffs to file their proposed amended complaint would be futile. The Proposed Third Amended Complaint also purports to set forth a class-of-one equal protection claim as a result of the following alleged conduct:

> (a) refusing to accept *many* of Plaintiffs' reports and complaints to the Police Department and/or the 9-1-1 Call Center; (b) requiring Plaintiffs to follow a special "protocol" and/or "policy" before accepting a complaint or report of harassment from them; (c) intentionally failing to pursue and investigate the *vast majority* of Plaintiffs' complaints of harassment and nuisance despite knowing the culprits; (d) failing to issue citations or warnings to, or taking any action against, hundreds of perpetrators, despite their repeated, long-term, and continuing harassment of Plaintiffs; and (e) in *some instances*, directly and intentionally participating in the campaign against Plaintiffs while under color of the law.

15

(4:17CV0379)

ECF No. 81-1 at PageD #: 1262, ¶ 63 (emphasis added).  Despite having filed multiple motions for leave to amend,[4] Plaintiffs have simply failed to allege any viable claim, including a class-of-one equal protection claim, against the Hubbard Defendants.

For the reasons set forth herein and those that have been articulated in the memorandum of the points and authorities on which Defendants rely in opposition to the motion (ECF No. 84), Plaintiffs' Motion for Leave to File Third Amended Complaint *Instanter* (ECF No. 81) is denied.

### III. Conclusion

For the reasons stated above and those that have been articulated in the contemporaneously filed Memorandum of Opinion and Order, the Hubbard Defendants' Motion for Judgment on the Pleadings (ECF No. 72) is granted.  The Court hereby enters judgment in favor of Defendants James R. Taafe and The City of Hubbard, Ohio and against Plaintiffs Garrick and Lucinda Krlich on the Second Amended Complaint (ECF No. 51 -1).

Plaintiffs' Motion for Leave to File Third Amended Complaint *Instanter* (ECF No. 81) is denied.

Plaintiffs' Motion to Vacate Case Schedule (ECF No. 57) is denied.

The Hubbard Defendants' Motion for Extension of Case Management Deadlines (ECF No. 74) is denied as moot.

Plaintiffs' Motions to Stay Discovery (ECF No. 79) and Requests for Teleconference (ECF No. 93) and Clarification (ECF No. 94) are denied as moot.

---

[4] *See* ECF Nos. 37, 51, and 81.

(4:17CV0379)

On or before October 19, 2018, Plaintiffs shall respond to the written discovery propounded by New Party Defendant Eagle Joint Fire District ("EJFD") on May 7, 2018.  On or before October 3, 2018, Plaintiffs and EJFD shall file a Joint Notice that sets forth a proposed schedule for the case going forward.  The Joint Notice shall be a single joint submission that includes agreed upon dates for (1) completion of discovery and (2) dispositive motion practice.

    IT IS SO ORDERED.

 September 19, 2018                            */s/ Benita Y. Pearson*
Date                                            Benita Y. Pearson
                                               United States District Judge