PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GARRICK KRLICH, *et al.*, | ) |
| | ) CASE NO. 4:17CV0379 |
| Plaintiffs, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| JAMES R. TAAFE, *etc.*, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) [Resolving ECF Nos. 103 and 108] |

Pending in this § 1983 action is Defendant Eagle Joint Fire District of Trumbull County, Ohio's ("EJFD") Motion for Judgment on the Pleadings (ECF No. 103), filed on November 2, 2018. For the reasons set forth in Section II.A. below, the motion is granted.

Also pending is Plaintiffs' Motion for Leave to File Third Amended Complaint *Instanter* (ECF No. 108), filed on November 30, 2018.[1] Plaintiffs move the Court pursuant to Fed. R. Civ. P. 15(a) for leave to file a Third Amended Complaint "to clarify existing language in Plaintiffs' Second Amended Complaint relating to EJFD, and to eliminate language pertaining to the dismissed Defendants." ECF No. 108 at PageID #: 1541. Plaintiffs attached the Proposed Third Amended Complaint (ECF No. 108-1) to their motion. For the reasons set forth in Section II.B. below, the motion is denied.

---

[1] Plaintiffs state that "formal paper discovery has not yet been exchanged, and no depositions have yet been taken." ECF No. 108 at PageID #: 1541. The Court notes, however, that EJFD was added as a New Party Defendant on January 25, 2018. *See* Order (ECF No. 62).

(4:17CV0379)

## I. Background

Plaintiffs Garrick Krlich and Lucinda Krlich bring a § 1983 action invoking federal question jurisdiction and seeking injunctive and monetary relief for a violation of their rights under the Equal Protection Clause of the Fourteenth Amendment for EJFD's complicity and active pursuit in a campaign to harass, intimidate, and terrorize Plaintiffs by individuals honking their horns, revving their engines (*i.e.*, loud exhaust and/or accelerating hard), and/or screeching their tires whenever they drive past Plaintiffs' residence. Second Amended Complaint (ECF No. 51 -1).

## II. Law and Analysis

### A. Judgment on the Pleadings (ECF No. 103)

The procedural standard for determining a judgment on the pleadings under Fed. R. Civ. P. 12(c) is indistinguishable from the standard of review for dismissals based on failure to state a claim under Fed. R. Civ. P. 12(b)(6). *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 643 (6th Cir. 2003); *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), or a motion for judgment on the pleadings under Rule 12(c), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

(4:17CV0379)

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Id.* at 570. "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004)). In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Erie County, Ohio v. Morton Salt, Inc*., 702 F.3d 860, 863 (6th Cir. 2012).

### 1. Quiet Enjoyment

The crux of Plaintiffs' complaint is "harassing acts that disturbed, and continue to disturb, Plaintiffs' *peace and enjoyment of their property*." ECF No. 108 at PageID #: 1548 (emphasis

(4:17CV0379)

added). Plaintiffs allege:

> 34. Starting in approximately 2007, employees of the EJFD, both while on and off duty, began blowing their horns and revving their engines in front of Plaintiffs' home, and engaging in other harassing acts that disturbed, and continue to disturb, Plaintiffs' peace and quiet enjoyment of their property.

ECF No. 51-1 at PageID #: 248; *see also* ECF No. 108-1 at PageID # 1554, ¶ 23. Plaintiffs' have not suffered a constitutional harm. Any alleged breach or violation of Plaintiffs' right to quiet enjoyment of their property fails as a matter of course because it is not a fundamental protection under the U.S. Constitution. There is no fundamental right to quiet enjoyment of one's property. In *Hooper v. United States Dept. of Housing and Urban Development*, No. 6:17-cv-00031-MC, 2017 WL 2380176 (D. Ore. May 31, 2017), appeal pending, No. 17-35674 (9th Cir.), the district court stated:

> A claim for Due Process violation must be predicated on violation of a constitutionally protected interest. If there is not a violation of a constitutionally protected interest, then there cannot be a claim for violation of due process. The alleged interest violated here is Plaintiff's quite enjoyment of his property from private individuals. This does not rise to a constitutionally protected interest. . . .

*Id.* at *4 (internal citations omitted).

Plaintiffs class-of-one argument fails as a matter of law because Plaintiffs have failed to show the requisite differential treatment. In *Dedman v. City of Harrodsburg*, No. 5:09-cv-256-KSF, 2010 WL 1141261 (E.D. Ky. March 22, 2010), the district court wrote:

> Plaintiffs cite acts by the Romeros that interfere with their privacy and quiet enjoyment and argue that Harrodsburg violated the Due Process Clause by not preventing those acts. The Due Process Clause, however, is intended "to protect the people from the State, not to ensure that the State protected them from each other." *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 196, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).

4

(4:17CV0379)

*Id.* at *3. As in the case at bar, the court in *Dedman* observed that plaintiff's class-of-one claim failed because plaintiff had failed to make any factual allegations to support a claim that he had been intentionally treated differently from others that were similarly situated and that there was no rational basis for the difference in treatment. *Id.* In addition, Plaintiffs do not allege in Count One of the Second Amended Complaint (ECF No. 51 -1 at PageID #: 250-52) that EJFD failed to investigate or provide any services because of Plaintiffs' alleged class, nor could it. The court in *Dedman* also noted, as is the case here, that although the court must accept plaintiff's factual allegations as true, the court is not required to accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861 (6th Cir. 2003).

In *Ooley v. Citrus Hts. Police Dept.*, No. 2:12-cv-00095-JAM-CKD, 2012 WL 1910264 (E.D. Cal. May 25, 2012), *aff'd*, 605 Fed.Appx. (9th Cir. 2015), the plaintiff brought a substantive due process claim based exclusively on an alleged campaign of neighborhood harassment. The district court declined to find that substantive due process protects a right to quiet enjoyment of property.

> Starkey claims that the CHPD Defendants violated her substantive due process rights by interfering with the quiet enjoyment of her property in violation of the Fourteenth Amendment. The CHPD Defendants argue that this claim is inadequately pled.
>
> "Federal courts have 'always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this uncharted area are scarce and open ended.'" *Brittain v. Hansen*, 451 F.3d 982, 990 (9th Cir. 2006) (quoting *Albright v. Oliver*, 510 U.S. 266, 271-72 (1994)). "[T]he Fourteenth Amendment is not a 'font of tort law to be superimposed upon whatever systems may already be administered by the States . . . .'" *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998) (quoting *Paul v. Davis*, 424 U.S. 693, 701 (1976)).

5

(4:17CV0379)

> In this case, Starkey cites only California state law authority to support her position that a right to quiet enjoyment of property is a cognizable constitutional right. *See* Opp. 12. Additionally, those cases deal with inverse condemnation, which is derived from the California Constitution. 42 U.S.C. § 1983, however, only gives rise to violations of the federal Constitution. *See Monroe v. Pape*, 365 U.S. 167, 171 (1961), *overruled on other grounds by Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978). Thus, in accordance with the *Brittain* and *County of Sacramento* cases, supra, the Court finds that in the absence of any authority supporting the extension of substantive due process to a right of quiet enjoyment of property, doing so is improper. The CHPD Defendants' motion to dismiss this claim is granted.

*Id.* at *3-4.

Finally, in *Galvan v. Levassuer*, No. 1:15-cv-00283-JAW, 2016 WL 3647148 (D. Maine 2016), the court stated: "Plaintiff's claims for wrongful termination of her lease and breach of quiet enjoyment are not claims that arise 'under the Constitution, laws, or treaties of the United States.'" *Id.* at *3.

The Court concludes that any alleged breach or violation of Plaintiffs' right to quiet enjoyment of their property fails for the reasons set forth above.

### 2. Policy or Custom

Plaintiffs claim that EJFD is liable due to allegedly adopting a practice or custom of harassing and bullying Plaintiffs. ECF No. 108 at PageID #: 1546. *Monell, supra*, holds that counties may be held liable for the constitutional violations of their employees only where the county's policy or custom led to the violation. 436 U.S. at 694-95. Counties and other bodies of local government may be sued pursuant to § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *McClendon v. City of Detroit*, 255

6

(4:17CV0379)

Fed.Appx. 980, 982 (6th Cir. 2007) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)). Plaintiffs allege:

> 56. While there is no "official" . . . County policy permitting this campaign against Plaintiffs to continue, the intentional, wide-spread, and long-term inaction by . . . County officials has been instrumental in creating and maintaining a persistent pattern of depriving Plaintiffs of their equal protection rights thus creating an "unwritten policy or custom" by callously disregarding Plaintiffs['] complaints.

ECF No. 51-1 at PageID #: 252. This still requires a tether to a constitutional right. "[When] no constitutional violation occurred, there can be no *Monell* claim against the [County], regardless of its policies." *Farinacci v. City of Garfield Hts.*, No. 1:08CV1355, 2010 WL 1268068, at *5 (N.D. Ohio March 30, 2010) (O'Malley, J.), *aff'd*, 461 Fed.Appx. 447 (6th Cir. 2012). *See also Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under *Monell* without an underlying constitutional violation."); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Finding no underlying constitutional violation for the reasons stated above and those that have been articulated in the previously filed Memoranda of Opinion and Orders (ECF Nos. 98 and 99), the Court will enter judgment in favor of Defendant Eagle Joint Fire District of Trumbull County, Ohio on Plaintiffs' *Monell* claim. Assuming *arguendo* that Plaintiffs do allege a cognizable constitutional violation, any constitutional violation that may have occurred was not the result of any policy or custom attributable to the County. *See Davis*, 2012 WL 3961236, at *2 (municipality can only "be held liable when it *unconstitutionally* implements or executes a policy statement, ordinance, regulation, or decision *officially* adopted by its officers[]") (emphasis added).

(4:17CV0379)

### B. Motion for Leave (ECF No. 108)

On February 23, 2017, Plaintiff Garrick Krlich filed a Complaint (ECF No. 1) against James R. Taafe, The City of Hubbard, Ohio, and Trumbull County, Ohio.[2] On January 25, 2018, the Court granted Plaintiff's Amended Motion for Leave to File Second Amended Complaint and Add Additional Parties. *See* ECF No. 62. Plaintiffs' Second Amended Complaint (ECF No. 51 -1) added EJFD as a New Party Defendant.

On July 7, 2017, the Court conducted a Telephonic Case Management Conference and subsequently entered a Case Management Plan ("CMP") (ECF No. 33). The CMP provides, in pertinent part:

> 13. The cutoff to amend pleadings and add parties is August 14, 2017. Also see Fed. R. Civ. P. 15(a) (requiring a showing that an amendment is proper). The cutoff date, however, is merely a time limitation -- not a blanket leave. A party must still demonstrate that an amendment is proper under Rule 15(a). Absent written consent of the adverse party, the party seeking to amend at least must alert the Court and the adverse party to the substance of the proposed amendment by filing a Motion for Leave with an accompanying memorandum of law addressing the requirements of Rule 15(a). In all cases, the party seeking leave of Court to amend must certify that prior notice of the proposed amendment was given and the adverse party withheld consent.[3]

ECF No. 33 at PageID #: 158.

---

[2] On September 20, 2017, Plaintiff Garrick Krlich 's claims against Defendant Trumbull County, Ohio were dismissed with prejudice. Defendant Trumbull County, Ohio was dropped from the lawsuit. *See* Order (ECF No. 43). On September 19, 2018, the Court entered judgment in favor of Defendants James R. Taafe and The City of Hubbard, Ohio (collectively "the Hubbard Defendants") and against Plaintiffs Garrick and Lucinda Krlich on the Second Amended Complaint (ECF No. 51 -1). *See* Memorandum of Opinion and Order (ECF No. 99).

[3] ECF No. 108 does not contain a certification.

8

(4:17CV0379)

Plaintiffs filed their Motion for Leave in the same document as their Memorandum in Opposition to EJFD's Motion for Judgment on the Pleadings.[4] Because a Rule 16 order has been entered, however, the Court can consider whether Plaintiffs have satisfied the more liberal standards of Rule 15(a) only if Plaintiffs make the showing required by Rule 16(b) for modification of a scheduling order. *See* *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *S&W Enters., L.L.C. v. Southtrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *W. Va. Housing Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 566-68 (S.D.W.Va. 2001).

Leave to amend a complaint should be freely given when justice so requires after a responsive pleading has been filed. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). It is an abuse of discretion for the district court to deny a plaintiff leave to amend his complaint without any justifying reason. *Foman*, 371 U.S. at 182. A district court does not abuse its discretion if it denies a plaintiff permission to amend his complaint without reason when the plaintiff has already amended once and then subsequently fails to file a proper motion justifying another amendment. *Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 305 (6th Cir. 2011); *see also Begala v. PNC Bank Ohio Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (holding that "the [District] Court did not permit Plaintiffs to amend the complaint because they did not [properly] move to do so" and that was not an abuse of discretion).

---

[4] It is unacceptable motion practice to combine a memorandum in opposition with a separate motion. *See* *Groth v. Ohio State Highway Patrol*, No. 5:11CV2628, 2012 WL 928737, at *1 n. 2 (N.D. Ohio March 19, 2012) (Pearson, J.). The Court also notes that Plaintiffs did not file a reply memorandum in support of their Motion for Leave. *See* Local Rule 7.1(e).

(4:17CV0379)

The within motion for leave to amend is problematic for several reasons. Chief among them are (1) the motion fails to establish good cause for modification of the scheduling order and (2) allowing Plaintiffs to file their proposed amended complaint would be futile.

The cutoff date to amend pleadings and add parties was August 14, 2017 (ECF No. 33 at PageID #: 158, ¶ 13) -- over one year and three (3) months before the within motion was filed. The cutoff was set in compliance with Local Rule 16.3(b)(2)(I). Plaintiffs have not shown cause for an extension of the cutoff date.

Plaintiffs do not dispute that their Motion for Leave to File Third Amended Complaint *Instanter* (ECF No. 108) was filed after the Rule 16 cutoff to amend the pleadings had passed. According to Fed. R. Civ. P. 16(b)(4), when the Court has entered a scheduling order that limits the time to join other parties and to amend the pleadings, "[a] schedule may be modified only for good cause and with the judge's consent." In *Inge v. Rock Financial Corp.*, 281 F.3d 613 (6th Cir. 2002), the Sixth Circuit stated that good cause is primarily measured by the movant's "diligence in attempting to meet the case management order's requirements." *Id.* at 625 (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Prejudice to the party opposing the modification is not an express component of Rule 16, however, the Sixth Circuit has stated that a district court must consider prejudice to the non-moving party when it decides whether or not to amend a scheduling order. *Leary*, 349 F.3d at 909. If the Court determines that the movant satisfies the requirements of Rule 16(b), then the Court must determine whether the moving party has satisfied the requirements of Rule 15. *Id.* At this stage of the proceedings, Rule 15 asks the question whether leave should be freely given because justice so requires. The

(4:17CV0379)

Court finds that the Motion for Leave to File Third Amended Complaint *Instanter* (ECF No. 108) to clarify existing language in Plaintiffs' Second Amended Complaint relating to EJFD fails to establish good cause for modification of the scheduling order. *See Morrocco v. Northwest Engineering Co.*, 310 F.2d 809 (6th Cir. 1962).[5]

Plaintiffs' Proposed Third Amended Complaint alleges that "Plaintiffs' peace and quiet enjoyment of their property" has been disturbed. ECF No. 108-1 at PageID #: 1554, ¶ 23. Because such right is not embedded within the U.S. and Ohio Constitutions and the proposed amended complaint does not correct that fatal flaw, allowing Plaintiffs to file their proposed amended complaint would be futile. *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) ("Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss."). The Proposed Third Amended Complaint also purports to set forth a class-of-one equal protection claim as a result of the following alleged conduct, but does not allege any unconstitutional conduct apart from non-actionable horn honking, revving engines, and/or screeching tires:

> 34. Defendant EJFD has deprived Plaintiffs of their right to equal protection under the law by routinely subjecting Plaintiffs, and not similarly situated Hubbard residents, to a campaign of harassment, intimidation, and terrorism.

ECF No. 108-1 at PageID #: 1556.

> 39. Government officials and employees, including those employed by the EJFD, have denied, and continue to deny, Plaintiffs their equal protection rights, secured

---

[5] This was also the case with Plaintiffs' first Motion for Leave to File Third Amended Complaint *Instanter* (ECF No. 81), which Plaintiffs filed contemporaneously with their Memorandum in Opposition to the Hubbard Defendants' Motion for Judgment on the Pleadings (ECF No. 82). *See* ECF No. 99 at PageID #: 1460-63.

(4:17CV0379)

> by the Fourteenth Amendment of the Constitution, by, *inter alia*: directly and intentionally participating in the campaign against Plaintiffs -- but not their co-residents -- while under color of the law.
> \* \* \*
> 41. There is no rational basis for Defendant to "single out" Plaintiffs, to refuse to afford them equal protection under the law, and/or to allow and participate in years of intimidation, terrorism, and harassment toward Plaintiffs through horn-honking, tire-screeching, and engine-revving, other than ill will.

ECF No. 108-1 at PageID #: 1557. Despite having filed multiple motions for leave to amend,[6] Plaintiffs have simply failed to allege any viable claim, including a class-of-one equal protection claim, against EJFD.

For the reasons set forth herein and those that have been articulated in the memorandum of the points and authorities on which EJFD relies in opposition to the motion (ECF No. 109 at PageID #: 1564-65), Plaintiffs' Motion for Leave to File Third Amended Complaint *Instanter* (ECF No. 108) is denied.

### III. Conclusion

For the reasons stated above and those that have been articulated in the previously filed Memoranda of Opinion and Orders (ECF Nos. 98 and 99), Defendant Eagle Joint Fire District of Trumbull County, Ohio's Motion for Judgment on the Pleadings (ECF No. 103) is granted. The Court hereby enters judgment in favor of Defendant Eagle Joint Fire District of Trumbull County, Ohio and against Plaintiffs Garrick Krlich and Lucinda Krlich on the Second Amended Complaint (ECF No. 51 -1).

---

[6] *See* ECF Nos. 37, 51, 81, and 108.

(4:17CV0379)

Plaintiffs' Motion for Leave to File Third Amended Complaint *Instanter* ([ECF No. 108](ECF No. 108)) is denied.

IT IS SO ORDERED.

| | |
|---|---|
|    April 17, 2019    |   */s/ Benita Y. Pearson*           |
| Date | Benita Y. Pearson |
| | United States District Judge |